UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARCY MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-2466-EFM-TJJ |
| ) | |
| JOHN B. SWEARER and ) | |
| MARTINDELL SWEARER SHAFER ) | |
| RIDENOUR, LLP, ) | |
| ) | |
| Defendants. ) | |

**NOTICE AND ORDER TO PLAINTIFF TO SHOW CAUSE**

**To Plaintiff Darcy Miller:**

On September 20, 2020, Plaintiff Darcy Miller filed a Complaint asserting diversity jurisdiction and naming as Defendants John B. Swearer and Martindell Swearer Shafer Ridenour, LLP.[1] The Complaint fails to allege facts sufficient for the Court to determine whether diversity of citizenship exists, as § 1332 requires. The Complaint alleges that Defendant John B. Swearer is a citizen and resident of the state of Kansas.[2] In paragraph 3 of the Complaint, Plaintiff further alleges that Martindell Swearer Shafer Ridenour, LLP "is a limited liability partnership registered in the State of Kansas, with offices located at 20 Compound Drive, Hutchinson, Kansas, regularly engaging in the business of providing legal services within the state of

---

[1] ECF No. 1.

[2] *Id.* ¶2.

Kansas."[3] The Complaint also alleges Plaintiff is a citizen and resident of Missouri.[4] On October 29, 2020, Defendants John B. Swearer and Martindell Swearer Shafer Ridenour, LLP filed their Answer and admitted that Defendant Martindell Swearer Shaffer Ridenour, LLP is a limited liability partnership registered in the State of Kansas with offices as indicated, and is regularly engaged in providing legal services within the State of Kansas.[5]

For diversity jurisdiction purposes, a person is a citizen of the state where she resides.[6] The citizenship of a business entity is determined by its organizational structure. If the business is a corporation, it is a citizen of the state where it is incorporated and the state where its principal place of business is located.[7] If the business is a limited partnership, its citizenship is determined by the citizenship of each partner.[8]

Here, the Complaint identifies Defendant Martindell Swearer Shaffer Ridenour, LLP's organizational structure as a limited partnership. But neither Plaintiff nor Defendants identify the citizenship of any of the members of Defendant Martindell Swearer Shaffer Ridenour, LLP. The allegations thus fail to establish Defendant Martindell Swearer Shaffer Ridenour, LLP's citizenship for diversity jurisdiction purposes.

---

[3] *Id.* ¶3.

[4] *Id.* ¶1.

[5] ECF No. 7 ¶3.

[6] *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

[7] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[8] *See Watkins v. Terminix Intern. Co., Ltd. P'ship*, 976 F. Supp. 1397, 1398 (D. Kan. 1997) (whether limited partnership has citizenship which is diverse from that of plaintiff depends on citizenship of respective partners).

Plaintiff bears the burden to establish that federal court jurisdiction is proper.[9]  In addition, the Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper,[10] and, "without jurisdiction, must dismiss the case."[11]

The Court cannot determine the citizenship of Defendant Martindell Swearer Shaffer Ridenour, LLP from the information Plaintiff has provided in the Complaint. Consequently, the Court cannot conclude that Plaintiff and Defendants are diverse for purposes of subject matter jurisdiction.  The Court thus directs Plaintiff to show cause in writing **on or before November 13, 2020** why the Court should not dismiss this case because it lacks subject matter jurisdiction over the action.

**IT IS THEREFORE ORDERED** that **on or before November 13, 2020,** Plaintiff Darcy Miller is required to show good cause in writing to U.S. District Judge Eric F. Melgren why the court should not dismiss this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 30th day of October, 2020.

Teresa J. James
U. S. Magistrate Judge

---

[9] *Wanjiku v. Johnson County, Kansas,* 173 F. Supp.3d 1217, 1223 (D. Kan. 2016).

[10] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[11] *Wanjiku,* 173 F. Supp.3d at 1223.